UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNESTINE SCOTT, | ) |
| | ) |
| Debtor, | ) Case No. 4:17 CV 1770 RWS |
| _____ | ) |
| | ) |
| ERNESTINE SCOTT, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| DIANA DAUGHERTY, | ) |
| | ) |
| Appellee. | ) |

## MEMORANDUM AND ORDER

Pro se debtor Ernestine Scott appeals from a bankruptcy court order denying her motion to reinstate her Chapter 13 case.[1] Scott's pro se case was dismissed on May 19, 2017 for her failure to make plan payments. Scott filed a motion to reinstate her case on June 2, 2017. The trustee opposed the motion before the

---

[1] When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error." *In re Fairfield Pagosa*, Inc., 97 F.3d 247, 252 (8th Cir. 1996). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In re LeMaire*, 898 F.2d 1346, 1349 (8th Cir.1990) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

bankruptcy court. In her objection, the trustee told the bankruptcy court that "as of noon on June 8, 2017," she had not received any payments from Scott. In fact, the trustee had actually received a plan payment from Scott on June 7, 2017. The trustee also objected to Scott's motion because it contained two ambiguous payment options and was not filed using the bankruptcy court's "current Mandatory Model Plan."

In denying Scott's motion to reinstate on June 9, 2017, the bankruptcy court noted that the trustee objected and, "upon consideration and review of the record in this case," denied the motion. There is no dispute that the "record in this case" contained a material misstatement of fact made by the trustee to the bankruptcy court.[2] The trustee told the bankruptcy court that Scott had not made any payments, which is the reason Scott's case was initially dismissed, when she in fact had. Although there may have been technical problems with the form that Scott, a pro se litigant, submitted, it is clear that the bankruptcy court based its decision at least in part upon the incorrect representation that Scott still had not made any payments. Because of this, I will reverse the bankruptcy court's decision and remand this case for further proceedings consistent with this opinion. The bankruptcy court should reconsider Scott's motion to reinstate upon due

---

[2] There is no evidence in the record to suggest that the trustee intentionally misstated the fact. However, this fact was material and the trustee never sought to correct the error once discovered.

consideration of all the relevant facts, including her payment and pro se status. I also remind Scott of her obligation to comply with the bankruptcy court's rules, including the rule requiring she use the mandatory model plan found on the bankruptcy court's website.

Accordingly,

**IT IS HEREBY ORDERED** that the appeal of the bankruptcy court's order dated June 9, 2017 [1] is granted, and the bankruptcy court's Order dated June 9, 2017, is reversed and this case is remanded to the bankruptcy court for proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** that the motion for oral argument [8] is denied as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2017.